UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ETS-Lindgren Inc. | ) | |
| | ) | Civil Action No. 1:15-cv-03859-AT |
| Plaintiff, | ) | |
| v. | ) | **Jury Trial Demanded** |
| | ) | |
| MVG, Inc. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff ETS-Lindgren Inc. ("ETS") and Defendant MVG, Inc. ("MVG"), by and through their attorneys, hereby jointly submit the following Joint Preliminary Report and Discovery Plan.

**1.   Description of Case:**

(a)   Describe briefly the nature of this action.

This is an action for alleged patent infringement of Plaintiff's U.S. Patent No. 8,331,869, entitled "Systems And Methods For Over The Air Performance Testing of Wireless Devices With Multiple Antennas."

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Both parties to this action are competitors in the field of systems for testing the performance of wireless devices using multiple antennas, which simulate a multipath environment wherein test signals appear to arrive from different angles

and different distances. Such systems are useful for, *e.g.*, over-the-air performance testing of wireless devices to allow users to better understand the operation of those devices. The patented invention concerns improved systems and methods creating a multipath testing environment.

(c) The legal issues to be tried are as follows:

The issues to be tried include Plaintiff's claim for patent infringement and damages and Defendant's defense and counterclaim of patent invalidity.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

Although the parties do not believe it to be a related case, the parties note they are also involved in another patent infringement case currently pending in this Court, styled *Microwave Vision, S.A. et al v. ESCO Technologies Inc. et al.*, 1:14-cv-01153-SCJ. The parties do not believe that case to be related because it involves MVG's assertion that ETS infringes MVG's U.S. Patent No. 7,443,170, a different patent than the patent asserted in this case.

(2) Previously Adjudicated Related Cases:

None.

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

   _____ (1) Unusually large number of parties
   _____ (2) Unusually large number of claims or defenses
   _____ (3) Factual issues are exceptionally complex
   _____ (4) Greater than normal volume of evidence
   __X__ (5) Extended discovery period is needed
   _____ (6) Problems locating or preserving evidence
   _____ (7) Pending parallel investigations or action by government
   __X__ (8) Multiple use of experts
   __X__ (9) Need for discovery outside United States boundaries
   __X__ (10) Existence of highly technical issues and proof
   _____ (11) Unusually complex discovery of electronically stored information

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

  Plaintiffs:  Rudolph A. Telscher, Douglas A. Robinson (Harness, Dickey & Pierce, P.L.C.)

  Defendants: Charles P. Kennedy (Lerner, David, Littenberg, Krumholz & Mentlik, LLP)

**4.     Jurisdiction**

Is there any question regarding this Court's jurisdiction?

   _____ Yes   __X__ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

The parties are not presently aware of any other necessary parties to this action.

(b)     The following persons are improperly joined as parties:

None.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:

The parties do not presently anticipate any amendments to the pleadings.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

Neither party objects to serving initial disclosures. The parties have stipulated to exchanging initial disclosures on December 30, 2015.

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Neither party requests a scheduling conference.

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to

initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties request that this case be placed on the 8-month discovery track.

Plaintiffs anticipate taking discovery regarding at least the following topics:

- Defendants' accused measurement systems, including, but not limited to, the design, development, and functionality of those systems;

- Defendants' awareness of the patents-in-suit;

- Defendants' awareness of Plaintiff's MIMO systems;

- Defendants' marketing and selling of the accused products, including, but not limited to, Defendants' promotion and advertising, Defendants' sales force and channels, Defendants' competitors, and Defendants' bids and sales, including any gained or lost in competition with Plaintiffs' systems;

- Defendants' sales of measurement systems without the accused features;

- Defendants' financial data for the accused products, including sales in units and dollars, costs, and profits;

- Any licenses granted or taken by the Defendants for patents covering any aspect of antenna measurement systems or analogous inventions;

Defendant anticipates taking discovery regarding at least the following topics:

- Plaintiff's multi-antenna measurement systems for wireless devices covered by the patent-in-suit, including, but not limited to, the design, development, and functionality of those systems;

- Plaintiff's marketing and sales of its products allegedly covered by the patent-in-suit, including, but not limited to, promotion and advertising, sales force and channels, competitors, and Plaintiff's bids and sales, including any gained or lost in competition with Defendant's systems;

- Plaintiff's sales of multi-antenna measurement systems for wireless devices without the feature allegedly covered by the patent-in-suit;

- The inventor's awareness of prior art and prior art not disclosed during prosecution of the patent-in-suit;

- Plaintiff's financial data for products allegedly covered by the patent-in-suit, including sales in units and dollars, costs, and profits;

- Plaintiff's licensing or attempts to license the patent-in-suit;

- Any licenses granted or taken by Plaintiff for patents covering any aspect of antenna measurement systems or analogous inventions;

- Plaintiffs' financial data for products allegedly covered by the patent-in-suit;

- Prior art to the patent-in-suit, including Plaintiff's and the inventor's awareness of that prior art;

- Any other allegations of infringement made by Plaintiff concerning the patent-in-suit or other patents concerning similar technology;

- The prosecution of the patent-in-suit and any other related application;

- Any harm that Plaintiff alleges it has been caused by Defendant's activities; and

- Plaintiff's awareness of Defendant's accused product(s).

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties do not presently anticipate a need for additional discovery time.

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

Other than as stated below with respect to electronic discovery, the parties do not request any changes to the limitations placed on discovery under the Federal Rules of Civil Procedure or the Local Rules of this Court.

(b) Is any party seeking discovery of electronically stored information?

   X   Yes          ____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have agreed to adhere to the Federal Circuit's model order regarding e-discovery, attached hereto as Appendix A.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties will produce documents as single-page TIFF or JPEG files, at a resolution of at least 300 dpi, along with associated ORC/text files. The parties have agreed to cooperate to provide load files (*e.g.*, Concordance DAT files, IPro LFP files) that are compatible with, or that can be easily converted so as to become compatible with, the receiving party's document review programs. The parties have agreed to accept production via portable media (*e.g.*, portable hard disks, flash drives, CD-ROM, DVD-ROM, etc.) or electronic transfer (*e.g.*, FTP, or where possible, e-mail).

The parties may elect to, but will not be required to, produce metadata other than as set forth in Appendix A. Likewise, the parties may elect to, but will not be required to, produce native files or color copies of any document. Notwithstanding the foregoing, the parties agree to cooperate in an effort to accommodate limited requests for metadata, native files, and color copies of previously produced documents to the extent the requesting party can articulate a reasonable basis for requesting same.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties will work together to prepare a stipulated protective order to govern the use of any confidential information disclosed during discovery, and will file a proposed order.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>October 27, 2015</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiffs:  Lead counsel (signature):

*/s/ Douglas A. Robinson*
Douglas A. Robinson

Other participants:  None.

For Defendants:  Lead counsel (signature):

*/s/ Charles P. Kennedy*
Charles P. Kennedy

Other participants:  Robert B. Hander, Esq. (Lerner, David, Littenberg, Krumholz & Mentlik, LLP)

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.
(_X_) A possibility of settlement after discovery.
(___) A possibility of settlement, but a conference with the judge is needed.
(___) No possibility of settlement.

(c) Counsel (___) do or (_X_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

Though settlement conferences may be held prior to the close of discovery, none are planned at present.

(d) The following specific problems have created a hindrance to settlement of this case.

Plaintiff requires discovery regarding Defendant's sales and profits in order to formulate a demand for monetary recovery of past damages.

The parties also disagree on the merits of their respective claims and counterclaims.

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

11

Respectfully submitted,

| | |
|---|---|
| BRYAN CAVE LLP<br>One Atlantic Center, 14th Floor<br>1201 W. Peachtree St., N.W.<br>Atlanta, GA 30309<br>Tel: 404.572.6600 | SMITH, GAMBRELL<br>& RUSSELL LLP<br>Promenade, Suite 3100<br>1230 Peachtree Street, N.E.<br>Atlanta, Georgia 30309-3592<br>Tel: 404.815.3500 |
| s/ John C. Bush | s/ Matthew P. Warenzak |
| Christopher P. Galanek<br>Georgia Bar No. 282390<br>chris.galanek@bryancave.com<br>Direct dial: 404.572.6979 | Dale Lischer<br>Attorney Bar No. 452027<br>Matthew P. Warenzak<br>Attorney Bar No. 624484 |
| John C. Bush<br>Georgia Bar No. 413159<br>john.bush@bryancave.com<br>Direct dial:  404.572.6798 | SMITH, GAMBRELL & RUSSELL LLP<br>Promenade, Suite 3100<br>1230 Peachtree Street, N.E.<br>Atlanta, Georgia 30309-3592<br>Telephone:    404.815.3500<br>Facsimile:     404-815-3509<br>dlischer@sgrlaw.com<br>mwarenzak@sgrlaw.com<br>Attorneys for Defendant MVG, Inc. |
| HARNESS, DICKEY & PIERCE, P.L.C.<br>7700 Bonhomme, Suite 400<br>St. Louis, MO  63105<br>Tel: 314-726-7500<br>Rudolph A. Telscher, Jr.<br>rtelscher@hdp.com<br>Douglas A. Robinson<br>drobinson@hdp.com<br>Joel R. Samuels<br>jsamuels@hdp.com | |
| *Attorneys for Plaintiff ETS-Lindgren Inc.* | LERNER, DAVID, LITTENBERG<br>  KRUMHOLZ & MENTLIK, LLP<br>600 South Avenue West<br>Westfield, New Jersey 07090<br>Tel: 908.654.5000<br>Charles P. Kennedy<br>CKennedy@ldlkm.com<br>Robert B. Hander<br>RHander@ldlkm.com<br>Litigation@ldlkm.com |
| | *Attorneys for Defendant MVG, Inc.* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

The parties do not request any such modifications.

IT IS SO ORDERED, this _____ day of _____, 20\_\_\_\_.

_____
The Honorable Amy Totenberg

# APPENDIX A

Addendum: Discovery Model Order

|                    |           |
|--------------------|-----------|
| Plaintiff,         |           |
| v.                 |           |
| Defendant.         | Case No.  |

**[MODEL] ORDER REGARDING E-DISCOVERY IN PATENT CASES**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have

exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and

"system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.